LABORDE, Judge.
Defendant, Larry Thomas, was charged by bill of information with the crime of distribution of marijuana, in violation of La.R.S. 40:966(A)(1). On July 10,1987, at a preliminary examination hearing, the trial court found there was probable cause to charge the defendant with distribution of marijuana. On September 27, 1988, a jury of twelve unanimously found the defendant guilty as charged. The trial court sentenced the defendant to five years at hard labor. The defendant appeals his conviction based on three assignments of error. We affirm.
FACTS
Around 9:30 a.m. on December 18, 1986, two officers of the LaSalle Parish Sheriffs Department met with an undercover narcotics agent, Cleveland Ray Smith, to discuss his role in an upcoming undercover operation near Jena, Louisiana. The officers wired Smith with a microphone for his protection and he proceeded into an area well-known for drug trafficking at approximately 9:45 a.m. Smith drove around the area looking for a man named “Henry” whom he had met when he first came to town. It was while he was looking for Henry that Smith met the defendant. The defendant asked Smith what he wanted and Smith responded that he was looking for a “little smoke.” The defendant then told Smith he could get a bag of marijuana for $50.00 from the same source Henry used. Smith gave the defendant $50.00 and waited while the defendant drove off to get the marijuana. When the defendant returned, he handed Smith a bag of marijuana, and the agent gave the defendant an additional $5.00 for his trouble. During this drug transaction, the microphone Smith was wearing malfunctioned and the officers were unable to get an intelligable transcript of the conversation between Smith and the defendant. Defendant was subsequently arrested on May 22, 1987, for the offense of distribution of marijuana.
ASSIGNMENT OF ERROR NO. 1
The defendant formally assigned as an error the State’s allegedly improper reference to race in its closing argument. Defendant failed to brief this assignment of error. Assignments of error not briefed are considered abandoned on appeal. State v. Dewey, 408 So.2d 1255 (La.1982).
Instead, the defendant argued in his brief that the State erred in making an improper reference to the defendant’s failure to present evidence in his behalf during its closing argument. Arguments in the brief which are not designated in defendant’s assignments of error are not properly presented for review and thus are not considered. State v. Overton, 337 So.2d *345 1201 (La.1976); State v. Miles, 464 So.2d 1126 (La.App.3d Cir.1985).
ASSIGNMENT OF ERROR NOS. 2 AND 3
These two assignments of error will be discussed together, as they are legally interrelated. By assignment of error no. 2 defendant argues that the jury erred in failing to find him not guilty on the basis of the affirmative defense of entrapment. The defendant claims that Smith unlawfully induced him to commit the offense charged. He points out that there were no reports indicating that defendant had ever dealt drugs in the past. Thus, defendant contends that there is no evidence that he was predisposed to commit this crime. He insists that he only participated in the commission of the present offense because of Smith’s continued persuasion and promises of reward. As there was no evidence that the defendant was predisposed to commit this crime, the defendant argues in his final assignment that the verdict was contrary to the law and evidence.
Entrapment is perpetrated when a law enforcement official or person operating in cooperation with such official for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not otherwise disposed to do so. When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as the conduct of the police. State v. Batiste, 363 So.2d 639 (La.1978); State v. Bernard, 441 So.2d 817 (La.App.3d Cir.1983), writ denied, 445 So.2d 439 (La.1984). The entrapment defense will not lie if the officers or agents have merely furnished a defendant, who is predisposed to commit the crime, the opportunities to do so. State v. Moody, 393 So.2d 1212 (La.1981); State v. Bernard, supra.
In arguing that he was entrapped, defendant relies heavily upon the testimony of State’s witness, Billy Wayne Hardwell. Hardwell had been standing near the defendant and the agent while they were negotiating. Hardwell testified that when Smith approached him, Hardwell told the agent that he did not sell marijuana, but that the defendant might be able to obtain some. He further stated that when the agent asked the defendant for some marijuana, the defendant initially said he did not sell marijuana. However, the agent told the defendant that he would pay him for his trouble. Thereafter, the defendant drove off to get some marijuana. When the defendant didn’t return after a short time, Hardwell offered to go with the agent to look for the defendant. Hardwell testified that they met the defendant on his way back with a bag of marijuana. Hard-well also testified that he did not know whether the defendant had dealt drugs in the past.
Hardwell’s version of events was directly contradicted by Smith. Smith testified that during his conversation with the defendant, the defendant asked him what he was looking for. When he responded that he was looking for some marijuana, the defendant offered to get a bag for $50.00. Thereafter, the defendant got the marijuana and Smith paid him $5.00 for his trouble. Thus, according to Smith’s testimony, the defendant readily became involved in the offense, and actively participated without persuasion.
Entrapment is ultimately a factual question for the jury’s determination. State v. Brown, 352 So.2d 690 (La.1977). When there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of fact. The jury’s factual determinations are entitled to great weight and will not be disturbed on appeal unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981); State v. Barnes, 520 So.2d 838 (La.App.3d Cir. 1987).
In the instant case, the jury obviously believed the testimony of Smith, an experienced undercover narcotics agent, over that of Hardwell, who admitted that he received probation and a fine for a marijuana conviction in exchange for his coopera *346 tion and testimony in several drug cases. Hardwell’s version of events was not entirely consistent. Although he testified that he did not know whether the defendant had dealt drugs in the past, he also testified that he told the agent that the defendant might be able to sell him some marijuana. Thus, the jury’s determination in this matter that the defendant was not entrapped is not clearly contrary to the evidence.
When reviewing the sufficiency of evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Honeycutt, 438 So.2d 1303 (La.App.3d Cir.), writ denied, 443 So.2d 585 (La.1983). The evidence construed in the light most favorable to the prosecution shows beyond a reasonable doubt that Smith merely furnished the opportunity for the defendant to become involved in the offense charged. The predisposition of defendant to become involved in this type of activity resulted in the criminal conduct in the instant case. The evidence also shows that the State proved the essential elements to support a conviction under La.R.S. 40:966(A)(1).[1] The defendant had possession of the marijuana he sold before handing it to the agent. In selling the marijuana to the agent for a financial reward, the defendant demonstrated the intent to distribute. Thus, the evidence was sufficient to convict the defendant of distribution of marijuana.
These assignments of error lack merit.
For the above reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. Under La.R.S. 40:966(A)(1), there are two essential elements that the state must prove in order to support a conviction for possession of marijuana with the intent to distribute; (1) possession and (2) the intent to distribute. State v. House, 325 So.2d 222 (La.1975).