598 So.2d 493 (1992)
STATE of Louisiana, Appellee,
v.
Willie Albert WRIGHT, Jr., Appellant.
No. 23179-KA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
*495 Davenport, Files & Kelly by Lavalle B. Salomon, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Michael A. Jedynak, Asst. Dist. Atty., for appellee.
Before MARVIN, HIGHTOWER and VICTORY, JJ.
VICTORY, Judge.
Defendant, Willie Wright, was charged with both possession of an illegal firearm, in violation of LSA-R.S. 40:1785, and illegal possession of stolen things, in violation of LSA-R.S. 14:69. He was convicted as charged by a jury of the firearm offense, but found guilty only of attempted possession of stolen things valued greater than $100. After receiving a sentence of one year at hard labor for each conviction, to be served concurrently, and a total fine of $1200, he presents this appeal asserting numerous assignments of error.[1] We reverse *496 the conviction for possession of an illegal firearm, but affirm the conviction and sentence for attempted illegal possession of stolen things.

FACTS
On November 3, 1989, defendant was visiting his step-sister and her husband, Sandra and Marvin Smith, when a domestic dispute developed between the couple. The dispute resulted in the husband being wounded by a .38 caliber pistol. During the investigation of the incident, West Monroe police officers discovered an unregistered fully automatic M-16 rifle, which Sandra claimed belonged to Wright. The rifle was officially listed by the United States Army as "lost or stolen" on May 19, 1987 from an army base at Fort Sill, Oklahoma, where Wright served for over 14 years.

DISCUSSION

Assignments of Error Nos. 1-4
By these assignments of error, defendant challenges the district court's charge to the jury. Specifically, he maintains the judge should have included in his instructions to the jury the responsive verdict of attempt on count one, the firearm charge. As to the remaining offense, defendant claims the responsive verdict of attempted illegal possession of stolen things valued in excess of $500 was improperly included as a lesser included offense.
LSA-C.Cr.P. Art. 801 states, in pertinent part:
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds there for shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
Furthermore, according to LSA-C.Cr.P. Art. 841:
A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds thereof.
Clearly, then, the failure to contemporaneously object to an alleged error in the jury charge precludes raising the issue on appeal. See also State v. Henry, 449 So.2d 486 (La.1984); State v. Mack, 403 So.2d 8 (La.1981); State v. Walker, 577 So.2d 770 (La.App. 2d Cir.1991), writ denied, 581 So.2d 704 (La.1991); State v. Frith, 499 So.2d 474 (La.App. 2d Cir.1986), writ denied, 503 So.2d 490 (La. 1987); State v. Ruple, 437 So.2d 873 (La.App. 2d Cir. 1983); State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied, 588 So.2d 1110 (La.1991).
The record indicates defense counsel responded negatively when asked by the judge whether he found the charge objectionable. Considering defendant's failure to timely object, he is not entitled to raise the issue as error.

Assignment of Error No. 5
Defendant also complains of ineffective assistance of counsel,[2] asserting that his trial attorney did not object to the responsive verdicts presented to the jury as *497 mentioned in assignments of error numbers 1-4.
More properly, an ineffective assistance contention is raised in an application for post-conviction relief. State v. Sullivan, 596 So.2d 177 (La.1992); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Mims, 552 So.2d 664 (La.App. 2d Cir.1989). Nevertheless, if the record contains sufficient evidence to resolve the issue, the matter may be considered on direct appeal in the interest of judicial economy. State v. Sullivan, supra; State v. Seiss, 428 So.2d 444 (La. 1983). Because the present record provides such a basis, we entertain the complaint.
The test for effectiveness of counsel is two-pronged. First, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Second, defendant must show the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial who result is reliable. Stated differently, such a claim requires the defendant to show a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State ex rel. Busby v. Butler, 538 So.2d 164 (La.1988). Only if petitioner shows both error and prejudice will his conviction be found unreliable and set aside.
As stated previously, defendant contends that the trial court should have enumerated the responsive verdict of "attempt" with respect to count one, and, conversely, should have excluded the responsive verdict of "attempted illegal possession of stolen things having a value of $500 or more," in connection with count two. We find no rational basis to conclude that trial counsel for defendant deliberately chose to withhold objection to the court's responsive verdicts for strategic reasons.
Count One
As to count one, possession of an illegal firearm, the trial judge instructed the jury that the only responsive verdicts available for count one were guilty and not guilty. LSA-R.S. 14:27(A) states that any person who has specific intent to commit a crime, and does an act for a purpose tending directly towards the accomplishment of that object, is guilty of an attempt. Section (C) states that an attempt is a separate but lesser grade of the intended crime. Under Louisiana law, it is a criminal offense to attempt to possess an illegal firearm. If the requisite specific criminal intent is present, someone can do an act in furtherance of possession, such as giving money for a firearm, without actually possessing it. See State v. Crayton, 470 So.2d 298 (La.App. 5th Cir.1985); State v. Ford, 407 So.2d 688 (La.1981).
The trial judge was statutorily mandated to include attempt as a responsive verdict to possession of an illegal firearm. LSA-C.Cr.P.Art. 803, 814, 815. Because attempt is a lesser and included grade of this offense, the failure of the trial court to include such was error.
When the accused requests and is refused an instruction on a lesser and included offense, or when the accused timely objects to the court's failure to give a responsive verdict instruction to which he is statutorily entitled, the conviction may be reversed. State v. Boyd, 503 So.2d 747 (La.App. 3d Cir.1987); State v. Dufore, 424 So.2d 256 (La.1982); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). If counsel had objected to this instruction at trial and the judge had failed to correct the error, we would probably be required to reverse defendant's conviction.[3] For this reason, we conclude that counsel's failure to object was so serious that he was not performing as the *498 counsel guaranteed by the Sixth Amendment.
The effect of the absence of an objection to the trial court's instruction is critical to our resolution of whether the instruction prejudiced Wright to the extent that he was deprived of a fair trial. In assessing prejudice in such a case, the basic question is whether there is a reasonable probability that, absent the error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Strickland, supra, 466 U.S. at 695, 104 S.Ct. at 2068-2069; State v. Bailey, 573 So.2d 610 (La.App. 2d Cir.1991).
At trial, Marvin Smith testified that defendant exited the residence holding a rifle "just like" the M-16 discovered by police. Additionally, Officer Robert Fowler recounted that, after a Miranda warning, defendant admitted arming himself with a rifle during the shooting incident. Though Mrs. Smith and another individual called by the state did not support the prosecution's version of events, both witnesses had previously given the police contrary statements clearly implicating defendant. Stipulations and other testimony established the rifle in evidence to be an unregistered automatic firearm.
Even though the evidence is substantial with regard to possession of the firearm, we find that defendant was prejudiced by the very serious error of his counsel in failing to object to the erroneous instruction of the trial court. See State v. Ball, 554 So.2d 114 (La.App. 2d Cir.1989); State v. Carter, 559 So.2d 539 (La.App. 2d Cir. 1990); State v. Guin, 444 So.2d 625 (La. App. 3d Cir. 1983), in which despite overwhelming evidence of specific intent to kill, courts have reversed attempted second degree murder convictions because of erroneous instructions. As stated previously, if defense counsel would have timely objected to the court's failure to give a responsive verdict of attempt, the conviction probably would have been reversed.
Furthermore, there is a reasonable probability that the result of the proceeding could have been different if the jury had been correctly instructed. By definition, the essential elements of attempted possession of a firearm are also essential elements of the greater offense charged. Thus, the evidence which supports a conviction of possession of a firearm necessarily supports a conviction of the lesser offense of attempt. The jury in fact chose to return a responsive verdict of count two, attempted illegal possession of a stolen thing, though the evidence clearly would have supported a conviction of the completed offense. There is a reasonable probability that the jury would have returned the responsive verdict of attempt on count one, if the proper instruction had been given.
Considering the seriousness of the error as evidenced by the foregoing jurisprudence, defendant has established ineffective assistance of counsel under the Strickland standard.
Count Two
As to count two, illegal possession of stolen things, Wright claims the responsive verdict of "attempted illegal possession of stolen things having a value of $500 or more" should not have been given, and if it had not been given, he might have been acquitted of the charged offense. Clearly, the jury returned a statutorily proper verdict, "guilty of attempted illegal possession of stolen things having a value of $100 or more." See LSA-C.Cr.P. Art. 815; LSA-R.S. 14:69; LSA-R.S. 14:27(D)(2).
LSA-C.Cr.P. Art. 814 does not include a list of responsive verdicts for illegal possession of stolen things. We agree with defendant's argument that the proper responsive verdicts for illegal possession of stolen things should follow the list in LSA-C.Cr.P. Art. 814 for theft. Theft and illegal possession of stolen things are closely related crimes and both are value graded. Since Art. 814 provides "attempted theft of property having a value of $100 or more," and does not provide a responsive verdict Of "attempted theft of $500 or more," the same should be true for illegal possession of stolen things. This conclusion is bolstered by LSA-R.S. *499 14:27(D)(2) which provides the penalties for attempted illegal possession of stolen things or theft based simply on whether the crime attempted was a felony or a misdemeanor, and does not provide a separate penalty for crimes of $500 or more. Thus, we hold there is no felony responsive verdict of attempted illegal possession of stolen things in excess of $500, only attempted possession of stolen things having a value of $100 or more.
Although counsel's assistance was deficient in the failure to object to the erroneous instruction, such failure did not prejudice the defendant. The jury was presented ample evidence of the value of the stolen item and the verdict returned was statutorily proper. Indeed, applying the previously discussed Strickland analysis, we do not deem the jury's verdict as to count two subverted by unreliability due to counsel error.
In sum, with respect to count one, we conclude defendant has shown a reasonable probability that, but for the asserted action of his attorney, the results would have been different. With respect to count two, no such prejudice has been shown. Accordingly, we reverse the conviction on count one, possession of an illegal firearm, and affirm the conviction of count two, attempted illegal possession of a stolen thing.

Assignments of Error Nos. 6-8
Finally, in these assignments of error, defendant claims he received an excessive sentence.[4] Specifically, Wright alleges that the trial judge incorrectly characterized him as a second felony offender, based upon his previous military conviction, and that the trial judge did not adequately considers the factors of LSA-C.Cr.P. Art. 894.1 in sentencing.
On May 12, 1988, Wright was court martialed for wrongfully receiving stolen military property (not the weapon that is the subject of the instant offense) with a value of $1,169, in violation of the Uniform Code of Military Justice. According to the presentence report, this violation resulted in three months of confinement, a $2,000 fine, demotion in rank, and a bad conduct discharge.
LSA-R.S. 15:529.1(A) states that if someone has been convicted of a crime under the laws of another state or under the laws of the United States, and that crime would have been a felony if committed in Louisiana, then it is treated as a felony for Louisiana's habitual offender laws. The Uniform Code of Military Justice are laws of the United States and are included under Art. 15:529.1(A).
Furthermore, LSA-R.S. 14:2(4) defines a felony as any crime for which an offender may be sentenced to death or imprisonment at hard labor. Under Louisiana law, whoever commits the crime of illegal possession [receiving] of stolen things, when the value of the things is $500 or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than $3,000, or both. LSA-R.S. 14:69(B)(1). Therefore, Wright's military conviction for receiving stolen property with a value of $1,169, would have been a felony if committed in Louisiana. Because the judge correctly characterized defendant as a second felony offender, defendant's contention lacks merit.
In determining whether this sentence is excessive, the sentencing court must consider two interrelated criteria. First, the record must reflect that the trial court considered the factors set forth in LSA-C.Cr.P. Art. 894.1. The judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
After determining whether the trial court has complied with the provisions of LSA-C.Cr.P. Art. 894.1, the reviewing court must then determine whether the sentence imposed is too severe given the *500 circumstances of the case and the background of the defendant.
Defendant claims the trial judge did not adequately comply with the factors of LSA-C.Cr.P. Art. 894.1. The trial judge did not articulate every provision of LSA-C.Cr.P. Art. 894.1, but the record reflects an adequate factual basis for the sentence imposed. Although noting the numerous character statements presented by defendant, the judge considered the criminal conduct serious in light of the offender's non-youthful age of 38 years. The judge also stressed that Wright received a bad conduct discharge from the army and was a second felony offender. Nevertheless, as other mitigating factors, the judge noted that defendant graduated from high school, attended one semester of college, and had maintained steady employment. We find adequate compliance with the mandate of LSA-C.Cr.P. 894.1.
The court determined that probated sentences were neither justified nor allowed under the circumstances of defendant's past criminal record. Even had defendant been a first felony offender, the judge is not required to render a suspended sentence or probation but, instead may consider whatever factors he deems important in determining the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La. 1983).
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La. 1983). We deem the sentence imposed neither constitutionally excessive nor an abuse the judge's discretion, especially since the state did not bill the defendant as a multiple offender. Attempting to possess stolen goods worth more than $100, when the goods consist of a missing or stolen fully automatic service rifle, is a serious crime indeed.

DECREE
Accordingly, we reverse defendant's conviction and sentence for illegal possession of an unregistered firearm, but affirm defendant's conviction and sentence for attempted illegal possession of stolen things in excess of $100.
AFFIRMED IN PART, REVERSED IN PART.
HIGHTOWER, J., dissents in part with written reasons.
HIGHTOWER, Judge, dissenting in part.
Concerning count one, I respectfully dissent.
For the most part, the majority virtually assumes the position most favorable to the defendant, then simply proceeds to reverse. In undertaking to substantiate its conclusion that strategy did not enter defense counsel's omission, the majority finds "no rational basis to conclude" such motivation existed. Yet that surprising declaration overlooks the well known fact that experienced trial attorneys frequently prefer to confront jurors with a no-alternative, up-or-down choice. Indeed, even in the case at hand concerning count two, defense counsel now argues in favor of fewer, not more, responsive verdicts. Furthermore, the Strickland decision, it should be recalled, recognizes a strong presumption that strategy prompts the actions of counsel.
Much more importantly, the majority loses sight of the accepted standard for evaluating prejudice, as set forth in Strickland v. Washington, supra. That decision essentially requires the defendant to establish that his attorney's conduct deprived him of a fair trial, that is, a trial with a reliable result. Specifically, to succeed upon an ineffective assistance claim, the defendant must affirmatively demonstrate a reasonable probability that, but for counsel's error, the outcome of the trial would have been different. Id. at 694, 104 S.Ct. at 2068. As Strickland further elucidates:
The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from *501 counsel's errors. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.
(Emphasis added.)
Here, of course, defendant challenges his conviction. In assessing prejudice then, the basic question is whether there is a reasonable probability that, absent the error, the jury would have had a reasonable doubt respecting guilt. Id., at 695, 105 S.Ct. at 2068-69; State v. Bailey, supra. Applying that standard, I find it is highly unlikely that such a doubt would have resulted, even had counsel timely secured a listing of the additional responsive verdict of "attempt." Based on its unanimous verdict, the jury obviously chose to accept Marvin Smith and Officer Fowler as the more credible witnesses. Testimony from both these individuals supports a conclusion that, during the November 3 episode, the accused had physical possession of the illegal firearm in question.
Today's reversal, in my humble view, creates uncertainty as to precisely what standard should be utilized for assessing whether prejudice results. Clearly, any test hinging upon probability of reversal at the appellate level finds no expression in Strickland.
Of course, at one juncture, the majority envisions a reasonable probability that the jury, if given the "attempt" option, would have returned a different verdict. That declaration, even if predicated upon the governing standard, appears quite untenable when examined in light of the record. In point of fact, in regard to count one, the evidence for conviction as charged is considerably stronger than that presented for affirmance of the conviction on count two. Moreover, defendant does not even contend that he can satisfy such a "reasonable probability" test. Instead, defendant argues that juries sometimes compromise on a lesser offense, notwithstanding proof of the charged crime.
Under Strickland, however, an assessment of the likelihood of a favorable result does not turn upon such "possibilities," nor upon the propensities of the decisionmaker toward leniency. Granted, such factors may well enter into a particular jury's conclusions, but to say that does not mean that the verdict actually reached is unreliable. And thatunreliabilitydetermines the issue of prejudice.
Plainly stated, I fail to view the guilty verdict as unreliable, or unjust, so as to require that it be overturned because of the asserted error of counsel. Defendant simply has not demonstrated a reasonable probability that, with the introduction of an "attempt" option, the jury would have encountered a reasonable doubt concerning guilt, as charged, in reference to count one.
In its analysis, by equating procedural provisions to an accused's Sixth Amendment right to counsel, the majority effectively elevates our responsive verdict articles from statutory to constitutional status. I cannot accept such a notion. Further, the ruling relies strongly upon State v. Ball, supra; State v. Carter, supra; and State v. Guin, supra, all involving erroneous instructions as to the actual elements of a charged offense, and presenting questions obviously distinguishable from the present case.
Under the majority decision, a defendant convicted as charged, after an incorrect but then unchallenged listing of alternate verdicts, will successfully overturn that conviction upon a claim of ineffective assistance. Regrettably, this determination will likely serve to greatly proliferate similar contentions by other defendants, all to the detriment of the criminal justice system.
Of course, those seeking solace will point to the fact that the present reversal attaches only to an illegal firearms charge, and that the second conviction is permitted to stand. However, I strongly expect that future claims will involve more serious offenses, and that then little comfort will lie in today's ruling.
I would affirm the convictions and sentences for both offenses.
NOTES
[1] One designated assignment of error concerning sufficiency of the evidence has not been briefed and is thus deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4.
[2] We recognize that this issue emanates from an undesignated assignment, which generally would not properly be reviewable. State v. Overton, 337 So.2d 1201 (La. 1976); State v. Thomas, 546 So.2d 343 (La.App. 3d Cir. 1989), writ denied, 552 So.2d 379 (La.1989). Nevertheless, both sides have briefed the ineffective assistance claim as an assigned error, and the state apparently acquiesces in so approaching the matter. That considered, and additionally because constitutional infirmity is implicated, we address the question posed.
[3] Defendant obtained new counsel after trial who filed a motion in arrest of judgment and/or motion for a new trial based on the judge's failure to include the responsive verdict of attempt. The trial court denied defendant's motion relying on State v. Dyer, 388 So.2d 374 (La.1980). We find Dyer inapplicable to the instant case.
[4] Discussion of the excessiveness of defendant's sentence on count one, illegal possession of a firearm, is pretermitted by our reversal of the conviction.