641 So.2d 604 (1994)
STATE of Louisiana
v.
Ernest SERIO.
No. 94-KA-131.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1994.
Rehearing Denied September 16, 1994.
*605 Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for appellant/defendant Ernest Serio.
John M. Mamoulides, Dist. Atty., Robert Grant, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for appellee State of La.
Before KLIEBERT, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Ernest Serio, appeals his conviction of promoting prostitution, a violation of La. R.S. 14:83.2. He was subsequently charged and found guilty of being a four-time felony offender and was sentenced to twenty years at hard labor, without benefit of probation, parole or suspension of sentence. We affirm his conviction, vacate his sentence and remand for resentencing.
On July 3, 1992, during questioning about an unrelated matter, defendant informed Detective Rodney Roy that he ran the American Dream Escort Service and that he knew that some of the female employees of the service engaged in sex with the customers. As a result, a "sting" operation was organized with Sgt. Lee Couret supervising and Detective Anthony Foto acting as the party requesting a "date" with one of the female escorts. In preparation for the operation, the officers involved obtained a search warrant for the location of the telephone number for the escort service at 518 Houma Boulevard in Metairie, Louisiana.
Detective Foto telephoned the number for the American Dream Escort Service and arranged *606 to meet a woman named Shelley. Shelley stated that she charged a $50 fee for the escort service and $150 for herself. The detective told her that he would call back to give her the number of his hotel room. After obtaining two rooms at a local hotel in Metairie, Louisiana, one for him and one for other officers, Detective Foto called back with the room number. When Shelley arrived, he gave her the money. She then disrobed and got into bed "naked". At that time, the officer identified himself and she was placed under arrest.[1]
The officers later searched the house on Houma Boulevard where they discovered that the telephone line had been cut and that the phone had been removed. They also found telephone bills from June and July of 1992 in defendant's name, doing business as American Dream Escort Service. They recovered an occupational license for the service in defendant's name, affidavits of escorts for several escort services in Texas, an address book containing telephone numbers, stick-on address labels with defendant's name and address of the house and a handwritten copy of the Louisiana Revised Statutes on "pandering and prostitution". Defendant was subsequently arrested. In transit to jail, defendant spontaneously spoke to the officers about the escort service. He was stopped and advised of his rights a second time, but continued to speak to the officers. In response to a question by Sgt. Jerry Monnerjahn as to whether he was suggesting that the girls had sex with the customers, he responded, "That's part of it, but that's just the small stuff.".
At trial, the prosecution presented the testimony of the officers involved and Sgt. Couret testified as an expert on the mechanics of prostitution rings operating under the guise of escort services. An assistant to defendant in the escort service, Raymond Agee, testified how the service worked and that it was a front for prostitution. Shelley Christy also testified, making it clear that sexual intercourse was the intended object of the usual date. She described the circumstances of her arrest in the sting operation and related other instances in which defendant's behavior and statements showed that he knew that the escort service was a front for prostitution. In addition, two neighbors of defendant described the unusual activity in the house at odd hours, including the appearances of women who looked like prostitutes.
Following closing argument at trial, the trial judge charged the jury and gave them a verdict sheet with two choices, Guilty of Promoting Prostitution and Not Guilty. The jury later requested further instructions on the time frame alleged in the bill of information and what penalty related to the charge. The trial judge ordered the bill of information to be read to the jury again, but denied their request for information on the penalty as not being in their province. The jury returned a verdict of Guilty, without specifying on what charge. The trial judge instructed the jury that they were required to specify the charge against defendant and they returned to the jury room. The jury then returned with the verdict of Guilty of Promoting Prostitution.
Following trial, defendant filed a Motion for New Trial and the state filed an habitual offender bill of information under La. R.S. 15:529.1A(3). In his motion, defendant asserted for the first time that the verdict sheet was defective due to the omission of the responsive verdicts. The motion was denied. A hearing was then held on the multiple offender charge. Following the production of documents related to the alleged previous convictions and the testimony of defendant, the trial judge found defendant guilty of being a four-time felony offender. Subsequently, the trial judge sentenced defendant to twenty years at hard labor, the minimum sentence allowed by R.S. 15:529.1A(3).
On appeal, defendant asserts first that the trial judge committed reversible error by failing to give the jury the responsive verdicts applicable to this crime. He asserts that this error is patent on the face of the record. Second, defendant contends that his trial counsel was ineffective for failing to make a contemporaneous objection to the defective verdict sheet. Third, defendant alleges *607 that the trial court erred in concluding that he is a fourth felony offender. Fourth, he requests a review of the record for patent error.
THE OMISSION OF LEGALLY RESPONSIVE VERDICTS FROM THE VERDICT SHEET
Defendant contends that the trial judge failed to give the correct list of responsive verdicts to the jury. He asserts that the verdict sheet should have included the lesser and included offenses of attempted promoting prostitution, prostitution and attempted prostitution. Defendant admits that there was no contemporaneous objection made at trial and that without a contemporaneous objection, an error is not reviewable under La.C.Cr.P. art. 841. However, he contends that this is patent error under La.C.Cr.P. art. 920(2) and thus does not require a contemporaneous objection. Although defendant recognizes that the jurisprudence holds that an error relating to the failure to object contemporaneously to a defect in the responsive verdicts is not patent error, he argues that the holding of these cases is wrong and that we should follow the dissenting, rather than the majority opinions in the two leading cases on the issue, State v. Turner, 337 So.2d 1090 (La.1976) and State v. Craddock, 307 So.2d 342 (La.1975).
The Louisiana Supreme court has held that the issue of improper responsive verdicts must be raised by contemporaneous objection, and is not a patent error reviewable on the face of the pleadings. See: Turner at 1091; Craddock at 343. Failure to object contemporaneously waives the objection. Whether or not we would be inclined to disagree with that holding is irrelevant, because the appellate court is bound to follow Louisiana Supreme court opinions. Pelican State Association v. Winder, 253 La. 697, 219 So.2d 500 (La.1969). However, the inquiry does not end here as the defendant has also asserted his counsel was ineffective for failing to object contemporaneously.
INEFFECTIVE ASSISTANCE OF COUNSEL
Generally, an ineffective assistance of counsel claim is properly raised in an application for post-conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Sullivan, 596 So.2d 177, 183 (La.1992); State v. Prudholm, 446 So.2d 729, 737 (La.1984). The claim may also be raised in a motion for new trial. State v. Hudson, 570 So.2d 504, 506 (La.App. 5th Cir.1990), writ denied, 580 So.2d 920 (La.1991). In addition, when ineffective assistance of counsel claims are raised on appeal by assignment of error and the record discloses sufficient evidence to rule on the merits of the claim, the appellate court may address the claim in the interest of judicial economy. See: Sullivan at 183. In this case, since we have the trial record, we have sufficient evidence to address the ineffective counsel claim.
The test for ineffectiveness of counsel is two-pronged. The defendant must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland at 687, 104 S.Ct. at 2064; Sullivan at 183. A reasonable probability must be demonstrated that, but for the error made by counsel, the outcome of the proceedings would have been different. Strickland at 694, 104 S.Ct. at 2068; Sullivan at 183.
An accused in Louisiana is entitled to have the trial court instruct the jury the law on the charged offense and on all responsive offenses. La.C.Cr.P. art. 803, 814, 815. When an accused requests and is refused an instruction on a lesser and included offense, or when the accused timely objects to the court's failure to give a responsive offense instruction to which defendant is statutorily entitled, the conviction may be reversed. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983); State v. Dufore, 424 So.2d 256 (La. 1982). Before the conviction can be reversed on this basis, however, defendant must demonstrate that the inclusion or exclusion of an responsive verdict was prejudicial and that *608 fundamental due process has been violated. State v. Reese, 472 So.2d 76, 77-78 (La.App. 5th Cir.1985); State v. Williams, 632 So.2d 351, 359 (La.App. 1st Cir.1993).
La.C.Cr.P. art. 814 lists the responsive verdicts that may be rendered for a number of offenses. No responsive verdicts are provided for the offense of promoting prostitution, R.S. 14:83.2. In all cases not provided for in C.Cr.P. art. 814, a verdict of guilty of a lesser and included grade of the offense charged is a responsive verdict. La. C.Cr.P. art. 815. A lesser offense is included in the charge of the greater offense if all of the elements of the lesser crime are included in the definition of the greater crime. State v. McCoy, 337 So.2d 192, 196 (La.1976).
Defendant asserts that prostitution and attempted prostitution are two of the lesser and included offenses of promoting prostitution. We disagree.
The offense of prostitution is defined in R.S. 14:82 as:
(1) The practice by a person of indiscriminate sexual intercourse with others for compensation.
(2) The solicitation by one person of another with the intent to engage in indiscriminate sexual intercourse with the latter for compensation.
The offense of promoting prostitution is defined in R.S. 14:83.2 as:
"the knowing and willful control of, supervision of, or management of an enterprise for profit in which customers are charged a fee for services which include prostitution, regardless of what portion of the fee is actually for the prostitution services."
An attempt to commit a crime is a separate but lesser grade of the intended crime. La.R.S. 14:27C.
"(A)ny person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
The crime of promoting prostitution does not include the elements of the practice of indiscriminate sexual intercourse or the solicitation with the intent to engage in indiscriminate sexual intercourse. Thus, the offenses of prostitution and attempted prostitution are not lesser and included offenses of promoting prostitution and we find that the trial judge did not err in failing to include these offenses as responsive verdicts.
Defendant also asserts that the trial judge erred in failing to include the offense of attempt to promote prostitution. We agree that attempt is a responsive verdict to promoting prostitution. We must next decide whether the error was prejudicial, such as to require a reversal for ineffectiveness of counsel.
In determining whether the failure to give a responsive verdict of attempt is reversible error, the question is whether there is a reasonable probability that, had the jury been given the responsive verdict of attempt, the verdict would have been different. See State v. Wright, 598 So.2d 493, 498 (La.App. 2nd Cir.1992). In Wright, the court reversed the conviction of one count of possession of an illegal firearm. As here, defendant's counsel failed to object when the trial judge failed to give the jury the responsive verdict of attempt to commit the crime charged and the only verdicts given the jury were guilty of possession and not guilty. Because it concluded that a reversal would have been required if the trial judge had been asked and refused to give the attempt as a responsive verdict, citing Elaire and Dufore, the court held that counsel's failure to object was so serious that he was not performing as the counsel guaranteed by the Sixth Amendment to the United States Constitution. Further, the court found that the effect of the failure to object was prejudicial because there was a reasonable probability that the jury would have returned the responsive verdict of attempt on that count if the proper instruction had been given. Wright at 498. The court noted that the crime of attempted possession of an illegal firearm contained the same elements as the possession offense. However, the court also noted that the jury had returned a verdict on count two, which was attempted possession of a stolen thing, even though the evidence supported a conviction *609 of the completed offense. This fact assisted the court in reaching its conclusion that there was a reasonable probability that the jury would have returned a verdict of attempted possession of an illegal firearm, despite the substantial evidence to support the conviction of possession.
In State v. Reese, 472 So.2d 76 (La.App. 5th Cir.1985) and State v. Nolen, 461 So.2d 1073 (La.App. 5th Cir.1984), the issue of prejudice was examined where the error was alleged to be the inclusion or exclusion of responsive verdicts. No prejudice was found in those cases, but the differences from our case were that the respective juries were given a list of responsive verdicts which included other options beside Guilty of the offense or Not Guilty.
After reviewing the facts and evidence in this case, we conclude that the omission did not prejudice defendant. As stated in Strickland, reasonable probability is a probability sufficient to undermine the confidence in the outcome of the trial. In this case, we find that fundamental due process was not violated because, given the evidence, we do not believe that the verdict would have been different had the responsive verdict of attempted promotion of prostitution been given. See: Wright at 498. Thus, the conviction is not reversible on this basis.

HABITUAL OFFENDER PREDICATE
In defendant's next assignment of error, he asserts that the trial judge erred in relying on a conviction from California to convict him of being a fourth felony offender. In this regard, he argues that the state failed to prove his actual date of discharge from custody, a fact necessary to establish that there was no five-year cleansing period. He also asserts that the conviction was criminal, but the commitment was civil in nature. As a result, he contends that the state did not carry its burden of proof that he was a fourth felony offender.
La. R.S. 15:529.1C provides:
"This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
The commencement of the five year cleansing period is the date of the individual's actual discharge from state supervision or custody. State v. Anderson, 349 So.2d 311, 314-315 (La.1977). The imposed sentence does not govern the determination of the expiration of the five year period, rather, the actual discharge from supervision by the department of corrections controls. State ex rel. Wilson v. Maggio, 422 So.2d 1121, 1123 (La.1982). This is because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to a pardon, commutation or good time credit, or it could take place later because of parole revocation. Wilson at 1123.
In this case, the documents introduced to prove the predicate for the fourth felony offender charge included a document from California showing a conviction for a drug offense. It is ambiguous as to the resolution of the California conviction. However, the state asserts that the date of discharge from custody was March 26, 1971 since the California court minutes contain an entry dated March 26, 1971 stating "probation terminated, case dismissed". The State argued that date as the discharge from actual custody. The record further shows that defendant committed his next felony in September, 1976. Thus, there was a five year cleansing period between the discharge from custody for the California felony and the commission of the next felony. As a result, the California felony cannot be used as a predicate for the fourth felony offender charge. We, therefore, vacate the sentence and remand the case for resentencing.
Finally, we have reviewed the record for patent error and find no error on the face of the record requiring our attention.
Accordingly, the conviction of defendant is hereby affirmed. The sentence is vacated and the case is remanded for resentencing.
*610 CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.
NOTES
[1] During this operation, a female from a separate escort service was also arrested.