The defendant, Leonard Collins, hereinafter referred to as Petitioner, has filed with this Court a *Motion to Correct an Illegal Sentence* on or about September 10, 2015. It is the ruling of this Court that Petitioner's motion is hereby denied.

Petitioner requests that this Court reconsider his life sentence to allow for parole eligibility; however, due to the nature of the charges—two counts of Aggravated Rape—this Court will not reconsider your sentence at this time. In addition, Petitioner alleged in his *Motion to Reconsider Sentence* similar arguments which were previously denied by this court. Petitioner was also previously denied his *Application for Post-Conviction Relief and Brief in Support of Habeas Corpus Relief* by this Court.

THEREFORE, IT IS THE JUDGMENT OF THIS COURT that

New Orleans, Louisiana, this the ___14th___ day of September 2015.

*[signature]*

JUDGE ROBIN D. PITTMAN
Criminal District Court
Section "F"

STATE EX REL. Darren STERLING
v.
STATE of Louisiana
No. 2015–KH–1895
Supreme Court of Louisiana.
12/16/2016

PER CURIAM:

Denied. Relator fails to show he was denied the effective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court's written reasons denying relator's application.

Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

Attachment

THE FORTIETH JUDICIAL DISTRICT COURT

STATE OF LOUISIANA

PARISH OF ST. JOHN THE BAPTIST

No. 2011-CR-2 Division "B"

STATE OF LOUISIANA

VERSUS

DARREN STERLING

Deputy Clerk _____

## JUDGMENT

Considering petitioner's *Application for Post Conviction Relief* filed with this Court on April 8; 2015:

On May 17, 2012 petitioner Darren Sterling was found guilty of aggravated battery through a trial by jury. On September 17, 2012; the court held a multiple bill hearing, and the petitioner was sentenced to 50 years D.O.C. at hard labor. The conviction was affirmed by the Fifth Circuit Court of Appeals on December 12, 2013, and affirmed by the Louisiana Supreme Court on August 25, 2015. Petitioner has now filed for post conviction relief.

In his application to the court for post conviction relief, petitioner's claim is one of ineffective assistance of counsel. Specifically, petitioner alleges his counsel was ineffective by failing to investigate a witness, obtain an alibi witness, file for a change of venue, cross-examine the victim, object to a sleeping juror, and maintain attorney-client privilege. On May 26, 2015, the State filed a *Memorandum in Opposition to Post-Conviction Relief Application on Behalf of the State of Louisiana* asserting that the petitioner's claims are without merit and are unsupported by evidence.

In assessing a claim of ineffective assistance of counsel a two-pronged test is employed. The defendant must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, the defendant must demonstrate that, but for the unprofessional conduct, the outcome of the proceedings would have been different. Therefore, the defendant must show a reasonable probability that counsel's error so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result. Effective counsel has been defined to mean "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel

reasonably likely to render effective assistance." *State v. Ratcliff,* 416 So.2d 528, 531 (La.1982). Only if defendant has shown both error and prejudice will his conviction be found unreliable and set aside. *See State v. Wright,* 598 So.2d 493 (La.App. 2d Cir.1992). There is a strong presumption that the conduct of counsel falls within the wide range of responsible professional assistance. *State v. Myers,* 583 So.2d 67 (La.App. 2d Cir.), *writ denied,* 585 So.2d 576 (La.1991).

If an error falls within the ambit of trial strategy, it does not establish ineffective assistance of counsel. *State v. Bienemy,* 483 So.2d 1105 (La.App. 4 Cir.1986). Hindsight is not the proper perspective for judging the competence of counsel's decisions because opinions may differ as to the advisability of a tactic. An attorney's level of representation may not be determined by whether a particular strategy is successful. *State v. Marino,* 804 So.2d 47 (La.App. 4 Cir. 2001), citing *State v. Brooks,* 505 So.2d 714 (La.1987), *cert. denied, Brooks v. Louisiana,* 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). A defendant who asserts a claim of ineffective counsel based upon a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of a trial. *United States v. Green,* 882 F.2d 999, 1003 (5th Cir.1989). *See also Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. General statements and conclusory charges will not suffice. *State v. Outley,* 629 So.2d 1243, 1254 (La.App.2d Cir.1993), *writ denied,* (La. 1994), 637 So.2d 476.

The court finds nothing in the record to indicate that counsel's conduct fell below the range of reasonable professional assistance. Petitioner has failed to demonstrate that but for the specific acts alleged his application, the outcome of petitioner's trial would have been different. The petitioner has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel, and has failed to show that counsel's failure to follow up on his leads was unreasonable. To show that counsel's performance was deficient petitioner would have to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

## CONCLUSION

As such, it is hereby **ORDERED, ADJUDGED AND DECREED** that petitioner's *Application for Post Conviction Relief* is **DENIED.**

READ, RENDERED and SIGNED ON THIS ___//___ day of June, 2015 in Edgard, Louisiana.

_____
MARY HOTARD BECNEL, JUDGE

Please notify all parties.