402 So.2d 1229 (1981)
William J. FRIES, et al., Appellants,
v.
FLORIDA POWER AND LIGHT COMPANY, Appellee.
No. 80-778.
District Court of Appeal of Florida, Fifth District.
July 29, 1981.
Rehearing Denied September 2, 1981.
Jack A. Kirschenbaum of Wolfe, Kirschenbaum, Caruso, Mosley, Scott & Kabboord, P.A., Cocoa Beach, for appellants.
Palmer W. Collins, Melbourne, for appellee.
COWART, Judge.
Appellants' second amended complaint alleges that the defendant, appellee power company, negligently built and maintained uninsulated high tension electrical power transmission lines and poles alongside State Road 520 over the causeway across the Banana River in Brevard County, Florida, which resulted in injuries to appellants when these power lines were touched by the mast of appellants' catamaran sailing boat. The trial court in granting a summary judgment against appellants found, as a matter of law, no negligence on the part of the defendant power company. We reverse.
The affidavit in support of the appellee's motion for summary judgment in this case was argued to have tracked the affidavit supporting the summary judgment in favor of appellee power company in Rice v. Florida *1230 Power and Light Company, 363 So.2d 834 (Fla.3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979), and alleges that the power lines in this case were: clearly visible; designed and constructed in full compliance with the accepted engineering procedures and in full conformance with the then existing and anticipated needs; constructed in full conformance with clearance and other requirements of the National Electric Safety Code; and were constructed and installed under the authority of Brevard County, Florida. These allegations do not, and cannot, serve to establish as a matter of law that the appellee power company was guilty of no negligence in maintaining its power lines under the exact conditions and circumstances existing at the time and place of the accident in question. Nor do we feel this case is governed by Rice where the Third District Court of Appeal held that, as a matter of law, "it would be beyond the bounds of reason to require [Florida Power and Light] to foresee an occurrence such as that presented by the instant case." Id. at 839. In Rice the decedent had flown a hand-controlled model airplane, with metal control lines, into the power company's uninsulated overhead power lines. However in the instant case, appellants contend that the appellee knew the area where the accident occurred encompasses navigable waters frequented by numerous sailing vessels and therefore it was foreseeable that an accident like the one here could occur.
Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), adopting comparative negligence in Florida, and Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), effectively abolishing the doctrine of assumption of risk as an absolute defense under comparative negligence, apply to the erection and maintenance of power lines, as does the restriction on granting summary judgments in negligence cases. See Alvarez v. Florida Power and Light Company, 260 So.2d 546 (Fla.3d DCA), cert. denied, 265 So.2d 370 (Fla. 1972).
The fact that the power lines here were clearly visible relates only to appellants' possible negligence and does not indicate lack of any negligence of the power company. Similarly, design and construction of power lines contrary to accepted engineering procedures and safety codes may be evidence of negligence; nevertheless, original design and construction consistent with such procedures and codes does not establish lack of negligence in the maintenance of such power lines under conditions and circumstances existing at a particular given time and place. Finally, the fact that power lines or anything else, are constructed and installed under the authority of a governmental body, rather than tending to exonerate the constructor, may, today, merely indicate that some governmental body may also have some legal liability for resulting damages. See generally section 768.28, Florida Statutes (1979).
Genuine issues of fact, material to the issue of the appellee's negligence and appellant's comparative negligence, precluding summary judgment under Florida Rule of Civil Procedure 1.510, appear to include at least the following: (1) whether the defendant power company knew, or should have known, that in the vicinity where this accident is alleged to have occurred, the waters of Banana River are navigable and frequented by many sailing vessels; (2) whether, at the location of the accident, the appellee exercised reasonable care for the safety of others in maintaining its overhead electrical transmission lines (relevant to this issue is the height of the lines, their location with respect to the water and possible applicability of warning signs); and (3) whether appellants were negligent themselves in causing their own injuries (relevant to this issue is the obviousness of the lines, and whether they were avoidable or not).
The summary judgment in favor of appellee power company is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.