GLICKSTEIN, Judge.
This is an appeal from a summary final judgment in favor of Florida Power and Light Company in a negligence action. We reverse and remand.
William John Klinko, Jr., a minor, was injured when a CB antenna that he was installing on the roof of his residence one summer morning came into contact with an electrical power line that ran along an easement adjacent to the residence. The line in question was over 29 feet high at the east Florida Power and Light pole located at the corner of the lot, over 21 feet high at the point of contact and over 27 feet high at the west pole. A land surveyor measured the power line’s location to be 3.65 horizontal feet to the south of the roof overhang of the residence. He further measured the elevation of the roof overhang at the point of contact to be over 8 feet and the highest point of the roof to be over 11 feet.
The utility contends that it was incumbent upon the injured party, in order to escape summary judgment, to contradict the affidavit of its engineer who opined that the electrical facilities involved here were in accordance with Florida Power and Light Standards, Florida law, and good engineering practices, as well as being in excess of those required by the National Electrical Safety Code. While the code is certainly relevant in the evidentiary sense, compliance therewith is not conclusive of the absence of negligence. See Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979). On the other hand, maintenance of uninsulated electrical wires within the power company’s easement near residential property is not of itself negligent. Instead, the propriety of the wires depends upon their location in the particular setting, which includes the typical activities occurring there. Id. at 838. The standard, as articulated in Rice, regarding the correctness of summary judgment, is whether it would be reasonable to impose upon the power company a continuing duty to foresee and protect against the kind of injury involved. Id. In Rice, the company had no notice that the activity, flying model airplanes, was occurring in an open field with clearly visible power lines. Contrastingly, in the instant appeal, it cannot be said as a matter of law that the activity, installation of an antenna, was unforseeable. See Simon v. Tampa Electric Co., 202 So.2d 209, 214 (Fla. 2d DCA 1967). Florida Power and Light therefore had a duty to take reasonable precautions with regard to such occupations.
This puts the instant appeal in line with Fries v. Florida Power & Light Co., 402 So.2d 1229 (Fla. 5th DCA 1981), where the affidavit alleged that the power lines were clearly visible, in compliance with accepted engineering procedures, and in conformity with applicable electrical codes. The Fries court held, nevertheless, that such allegations could not establish lack of negligence. Distinguishing Rice on the issue of foreseeability, the court found factual issues remained as to foreseeability, reasonableness of care, and negligence of the injured party. Summary judgment was therefore reversed. Such questions remain to be resolved here as well.
ANSTEAD, C.J., and DOWNEY, J., concur.