552 So.2d 284 (1989)
Vivian JONES, As Personal Representative of the Estate of Harry Jones, Jr., Deceased, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Emma E. Weidenmuller, and Asplundh Tree Expert Company, a Corporation, Appellees.
Nos. 87-2958, 87-2959, 88-0798 and 88-0799.
District Court of Appeal of Florida, Fourth District.
November 15, 1989.
*285 Jack H. Vital, III, of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee-Florida Power and Light.
Mitchell L. Lundeen of George, Hartz & Lundeen, P.A., Fort Lauderdale, for appellee-Asplundh Tree Expert Co.
WARNER, Judge.
This is an appeal from two final summary judgments and two cost judgments entered in favor of Florida Power and Light and Asplundh Tree Expert Company in a negligence action. We sua sponte consolidate those appeals, reverse and remand.
The Asplundh Tree Expert Company, under a contract with Florida Power and Light Company, trimmed some Norfolk pines that were close to a power line in a residential area of Broward County. However, instead of topping the tree off, only the branches close to the power line were trimmed. At the time Asplundh was trimming the tree, the owner of the property requested that the tree be trimmed symmetrically. The tree trimmers, who were performing the contract, said that in accordance with the contract with Florida Power and Light they trimmed only branches directly interfering with the power lines. Therefore, they declined to do further trimming.
Several months later the owner of the property hired the decedent, an experienced but unlicensed tree trimmer, to top off the remainder of the tree. In doing so, a branch from the portion being taken down fell on the power line and in attempting to remove that branch, the decedent was electrocuted and killed. The appellant, on behalf of decedent's survivors, brought suit against Florida Power and Light and Asplundh alleging among other things that the appellees had a duty to properly trim the tree in question, which duty it breached. The appellees moved for summary judgment, attaching affidavits which attested to the fact that the power lines were properly installed and maintained and that the tree branches were at least ten feet from the power line. Further, they introduced deposition testimony which showed that the decedent knew where the power lines were and was warned of the danger of the power lines. In contravention to these affidavits, the appellant filed an affidavit of a horticulturist who testified that within a reasonable degree of probability at the time of the accident, the tree branches would have been approximately six feet from the power line. Further, appellant offered the affidavit of an electrical engineering consultant who testified that Florida Power and Light had failed to require the tree service to cut the trees below the energized live conductors and in doing so violated several National Electric Safety Code Rules. This, he opined, was the proximate cause of the incident which resulted in the death of the decedent. The engineer also submitted an affidavit in which he stated that Asplundh had failed to follow industry standards in several respects in trimming the tree. No affidavits were submitted by Asplundh, which relied instead solely on the Florida Power and Light affidavits. Based upon this record, the trial court granted summary judgment.
We believe that there still remains an issue of material fact with respect to the issues of negligence and breach of duty in this case. There is a conflict between the *286 affidavits regarding the application and meaning of the safety code provisions. In view of this conflict, it cannot be said that there is an absence of issues of material fact with respect to the code obligation which would establish the duty alleged to have been breached. With respect to Asplundh, the only affidavit offered stated that its tree trimming fell below industry standards. The issue of breach of duty is a question for the jury unless only one reasonable conclusion may be drawn from the facts in evidence. Florida Power and Light Co. v. Lively, 465 So.2d 1270 (Fla. 3rd DCA 1985). Here, we cannot say that only one conclusion may be drawn from the evidence.
The second issue is whether or not it is foreseeable that a person such as the decedent would be injured under the circumstances. This court has said:
... The extent of defendant's duty is circumscribed by the scope of the anticipated risk to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend on whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct.
Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981). This is a question of fact which the jury must determine in this case. Crislip.
The question of proximate cause is also an issue for the jury. The appellees cite Richmond v. Florida Power and Light Co., 58 So.2d 687 (Fla. 1952) for the proposition that because of the decedent's own conduct, a breach of duty by the defendants, if any, cannot be considered the proximate cause of the decedent's injuries. However, those cases were decided before Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), when the doctrine of contributory negligence was a complete bar to the maintenance of a negligence action against a defendant. Although it appears that the affirmative defense of comparative negligence has considerable support in the facts, the issues of negligence and comparative negligence are jury issues and preclude us from affirming the summary judgment. See Fries v. Florida Power and Light Company, 402 So.2d 1229 (Fla. 5th DCA 1981).
Finally, appellees rely heavily on Lopez v. Florida Power & Light Co., 501 So.2d 1339 (Fla. 3d DCA 1987). However, we consider that case distinguishable. First, Lopez was not decided on a summary judgment but after a full trial when the plaintiff had the opportunity to present all of the evidence favorable to her side of the case. Second, in that case the expert could find no violation of any code or regulation. In the instant case the experts disagree as to whether safety codes were violated.
For the foregoing reasons, we reverse the trial court's order of summary judgment and remand for further proceedings.
GUNTHER, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part.
This is a close and difficult case, especially as to the issue of whether the alleged misconduct by the electric company was a legal cause of the decedent's death. It is undisputed that the decedent was aware of the danger posed by the energized power line, and, that it was the decedent himself who caused the tree branch to fall onto the power line. Of course, it was in attempting to retrieve the branch that the decedent was electrocuted. Cf. Lopez v. Florida Power and Light Co., 501 So.2d 1339 (Fla. 3d DCA 1987). Nevertheless, because of the statements set out in plaintiff's expert's affidavit concerning the conduct of the electric company, I concur in the reversal of summary judgment as to that company.
I would affirm the judgment for the tree-trimming company, as there is absolutely no evidence that it acted in any way other than as directed by the electric company. I *287 see no basis for holding the tree-trimming company responsible for any alleged breach of duty by the electric company.