676 So.2d 467 (1996)
Patricia Ann SHURBEN, Appellant,
v.
DOLLAR RENT-A-CAR, Lunn Poly Limited, Virgin Travel Group, Ltd. and Virgin Holidays Limited, Appellees.
No. 95-2669.
District Court of Appeal of Florida, Third District.
June 5, 1996.
Rehearing Denied July 31, 1996.
LaVigne & Lane and James R. LaVigne, Orlando, George T. Mustakas, Metairie, LA, and Jennifer L. Cory, Winter Park, for appellant.
Foley & Lardner and Thomas F. Munro, West Palm Beach, for appellee Lunn Poly Limited.
Marlow, Connell, Valerius, Abrams & Adler and Rafael Cruz-Alvarez, Miami, for appellees Virgin Travel Group, Ltd. and Virgin Holidays Limited.
Hightower and Rudd and Frances Fernandez Guasch, Miami, for appellee Dollar-Rent-a-Car.
Before NESBITT, COPE and FLETCHER, JJ.
COPE, Judge.
This is an appeal from a final order dismissing appellant's complaint for failure to state a cause of action. We reverse.
Appellant Patricia Ann Shurben is a British citizen. In late 1991 she contacted appellee Lunn Poly Limited, a travel agent, to purchase a vacation package for travel in the state of Florida which had been advertised by appellees Virgin Travel Group, Ltd. and Virgin Holidays Limited. Each of those appellees is a British enterprise and the purchase of the travel package took place entirely in Great Britain. The travel package purchased by Shurben included the use of a rental car to be provided in Miami by appellee Dollar-Rent-a-Car.
In early 1992 Shurben began her travels, arrived in Miami and obtained the rental car from Dollar. The car rented to Shurben bore a license plate designation assigned to rental vehicles. On February 2, 1992, while Shurben was traveling in the rented car from her hotel to a different part of Miami she *468 was accosted by unknown criminals and in the ensuing struggle was shot.
Shurben sued all appellees claiming they each breached a duty to warn her that in certain areas of Miami, there was a risk of attack by criminals who targeted tourists in rental cars, and in particular, rental cars bearing the license plate designation on her rental car. Appellees moved to dismiss for failure to state a cause of action claiming that no such duty exists. The trial court granted the motion and Shurben has appealed.
Because we are reviewing a dismissal for failure to state a cause of action, the facts stated in the complaint are taken as true and all reasonable inferences must be made in favor of the plaintiff. De Ribeaux v. Del Valle, 531 So.2d 992, 993 (Fla. 3d DCA 1988). Reading the facts in that light, Shurben alleges that: 1) at the time of her trip in early 1992 rental cars bore a license plate designation which knowledgeable criminals knew identified the car as a rental; 2) at that time there had been repeated instances of criminal activity directed at tourists in rental cars in certain areas of Miami and that Dollar was aware of those instances; and 3) Dollar knew that she was an arriving British tourist without specific information as to the existence of the special license plate designation or the crimes directed at tourists.
Shurben argues that the Dollar rental agent should have realized that she would not have knowledge about the areas of Miami in which the attacks had occurred and that without a warning she would be exposed to a risk of foreseeable criminal attack if she ventured into those areas. Shurben claims that Dollar and the other appellees should be liable for their failure to warn her of those dangers.
Assuming the facts as alleged by Shurben are true, we believe that Dollar had a duty to warn Shurben of foreseeable criminal conduct, particularly in light of the superior knowledge of the car rental company. We do not mean to say that the rental agency is under any obligation to conduct independent investigation into crime problems. Rather, the claim here is based on information of which, according to the complaint, the rental company had actual knowledge. Based on the knowledge it had on hand, Dollar should have realized that criminals were targeting tourist[1] car renters in certain areas of Miami and that a reasonable rental company in possession of those facts would understand that its customers would be exposed to unreasonable risk of harm if not warned.
In our view the circumstances outlined here fall within the scope of Section 302B of the Restatement (Second) of Torts (1965):
§ 302B. Risk of Intentional or Criminal Conduct
An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.[2]
Consequently, we think Shurben has stated a cause of action as to Dollar and we reverse the dismissal as to Dollar.
The plaintiff has alleged that the three British appellees were in possession of the identical information possessed by Dollar. The parties have addressed the liability of the British defendants largely in terms of Florida law, and have not raised or briefed the question of choice of law. That being so, we apply Florida law for purposes of this appeal and reverse the judgment with respect to the British defendants as well. In our view there should, however, be an early determination whether the liability of the British defendants is governed by the law of *469 the United Kingdom, rather than of the United States.[3]
The order under review is reversed and the cause remanded for further proceedings consistent herewith.[4]
Reversed and remanded.
NOTES
[1] Although we need not express an opinion on the point, it would appear that such a duty would also arise as to any out-of-town customer who the rental company should realize has no knowledge of local conditions.
[2] This court has recently reviewed a case involving a comparable claim of breach of duty to warn, but the question of existence of duty was not squarely presented. See Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940 (Fla. 3d DCA 1996).
[3] In this case the British plaintiff purchased a tour package in Great Britain from a British enterprise through a British travel agent. At first blush, it would appear that the duty to be imposed upon the British defendants would arise under British law, not United States law. We express no opinion on the subject, but suggest that the issue should be addressed.
[4] Our remand for further proceedings should not be interpreted as precluding the trial court's consideration of the British defendants' pending motion to dismiss on grounds of forum non conveniens. See generally Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla. 1996). We express no view on the merits of the motion.