716 So.2d 337 (1998)
Bethany Jill GROSS, Appellant,
v.
FAMILY SERVICES AGENCY, INC., a Florida corporation, and Nova Southeastern University, Inc., a Florida corporation, Not-for-Profit, Appellees.
No. 97-1335.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
Rehearing Denied November 9, 1998.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Tod Aronovitz of Aronovitz & Associates, Miami, for appellant.
Justin M. Senior and Bartley C. Miller of Panza, Maurer, Maynard & Neel, P.A., Fort Lauderdale, and John Beranek of Ausley & McMullen, Tallahassee, for Appellee-Nova Southeastern University, Inc.

ON MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC AND MOTION FOR CERTIFICATION
STEVENSON, Judge.
We grant the motions for rehearing and certification, but deny the motion for rehearing en banc. The original opinion filed on May 20, 1998, is withdrawn and the following substituted in its place.
Appellant, Bethany Jill Gross, a twentythree year old graduate student attending Nova Southeastern University, was criminally assaulted while leaving an off-campus internship site. Gross filed a negligence action *338 against Nova based on Nova's alleged negligence in assigning her to perform an internship at a facility which Nova knew was unreasonably dangerous and presented an unreasonable risk of harm. The trial court granted summary judgment for Nova, finding that there was no duty. We reverse.

Factual allegations
The facts, as alleged in the sworn affidavits and other record evidence, and presented in the light most favorable to appellant, the non-moving party, are briefly summarized as follows. Appellant moved to Fort Lauderdale from North Carolina to study at Nova Southeastern University in the doctorate psychology program. As part of the curriculum, she was required to complete an eleven-month internship, called a "practicum." Nova provides each student with a listing of the approved practicum sites, complete with a description of the type of experience offered at each site. Each student selects six internships from the list and is placed, by Nova, at one of the selected sites. Appellant submitted her six selections and was assigned, by Nova, to Family Services Agency, Inc. ("FSA").
FSA is located about fifteen minutes away from Nova. One evening, when leaving FSA, appellant was accosted by a man in the parking lot. She had just started her car when he tapped on her window with a gun. Pointing the weapon at her head, the assailant had appellant roll down the window. Appellant was subsequently abducted from the parking lot, robbed and sexually assaulted. There was evidence that prior to appellant's attack, Nova had been made aware of a number of other criminal incidents which had occurred at or near the FSA parking lot.

Procedural background
Appellant subsequently filed this action against both FSA and Nova. Appellant eventually settled with FSA. The complaint alleges that Nova breached its duty to exercise reasonable care by assigning appellant, without adequate warning, to an internship site which it knew to be unreasonably dangerous. Nova later moved for summary judgment, arguing that no duty on the part of the university could arise predicated on appellant's claim that she was criminally attacked in FSA's parking lot. The trial court granted Nova's motion, finding no duty on Nova's behalf, stating that Nova "did not own, operate, or control the premises where plaintiff was abducted and later assaulted." Because the motion for summary judgment, and the order thereon, were based exclusively on the legal issue of duty, we address the final judgment on appeal from that limited perspective only.
Appellant's tort action against Nova faces two immediate obstacles: (1) the injury did not occur on premises owned or controlled by Nova, and (2) the injury was actually inflicted by the criminal acts of a third party. Appellant argues that neither obstacle is fatal to her cause of action against Nova, first, because this is not a premises liability lawsuit and, second, because the relationship between Nova and herself was such that Nova had a duty to exercise reasonable care in assigning her to an internship site, including the duty to warn her of foreseeable and unreasonable risks of injury. We agree with appellant.
Whether a duty arises in any particular context is resolved as a matter of law after weighing "the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." See Rupp v. Bryant, 417 So.2d 658, 667 (Fla.1982) (quoting W. Prosser, The Law of Torts § 53, at 325-26 (4th ed.1971)); Restatement (Second) of Torts §§ 314, 315 (1965). While a person or other entity generally has no duty to take precautions to protect another against criminal acts of third parties, see Boynton v. Burglass, 590 So.2d 446 (Fla. 3d DCA 1991), exceptions to this general rule have emerged, including the "special relationships" exception. See Restatement (Second) of Torts § 315 (1965). Among the recognized "special relationships" where defendants have been held liable for failure to exercise reasonable care when injuries have actually been inflicted by third parties are employer-employee;[1] landlordtenant;[2] *339 landowner-invitee;[3] and school-minor student.[4]
We begin by recognizing that, here, we are not dealing with the relationship between a minor student and a school. In those cases, "at least through the high school level," a school "undoubtedly owes a general duty of supervision to the students placed within its care." See Rupp, 417 So.2d at 666. With this "general" duty in mind, Rupp held that a high school could be found negligent for failing to adequately supervise a schoolsanctioned student group during an extra-curricular, off-premises hazing ceremony which left a student permanently paralyzed. See id. Schools have generally not, however, been held to have a duty of supervision when the injuries have occurred off-campus while students have been involved in non-school related activities. See Concepcion v. Archdiocese of Miami, 693 So.2d 1103 (Fla. 3d DCA 1997)(holding that a school has no duty to supervise off-campus, non-school related activities during non-school hours); Oglesby v. Seminole County Bd. of Pub. Instruction, 328 So.2d 515 (Fla. 4th DCA 1976) (same).
This case involves an adult student injured during an off-campus, but school related activity, i.e., a university-mandated internship program at a site specifically approved and suggested by the university. The relationship between Nova and Gross can be characterized in various ways, but it is essentially the relationship between an adult who pays a fee for services, the student, and the provider of those services, the private university. The service rendered is the provision of an educational experience designed to lead to a college degree. A student can certainly be said to be within the foreseeable zone of known risks engendered by the university when assigning such student to one of its mandatory and approved internship programs. See McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992). We need not go so far as to impose a general duty of supervision, as is common in the school-minor student context, to find that Nova had a duty, in this limited context, to use ordinary care in providing educational services and programs to one of its adult students. The "special relationship" analysis is necessary in this case only because the injury was caused by the allegedly "foreseeable" acts of a third party.
Shurben v. Dollar Rent-A-Car, 676 So.2d 467 (Fla. 3d DCA 1996), demonstrates that Florida courts have been especially sensitive in finding the requisite special relationship to exist. There, the Third District found that the plaintiff, a British tourist who was shot while vacationing in Miami, stated a cause of action against a car rental company for failing to warn her about the risk of crime in certain areas. The plaintiff's claim was based on allegations that Dollar Rent-A-Car knew that criminals were targeting tourist car renters in certain areas of Miami and that a reasonable rental company in possession of those facts would understand that its customers would be exposed to unreasonable risk of harm if not warned. The court stated that "we believe that Dollar had a duty to warn Shurben of foreseeable criminal conduct, particularly in light of the superior knowledge of the car rental company." Id. at 468. In reversing the dismissal as to the car rental company, the court relied exclusively on section 302B of the Restatement (Second) of Torts (1965), which provides:
An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.

Id. (emphasis added).
Perhaps most closely analogous to the instant case is Silvers v. Associated Technical *340 Institute, Inc., No. 93-4253, 1994 WL 879600 (Mass.Super. Oct. 12, 1994), where it was held that a college which matched its students with employers as part of the program of study could be found liable where a female student was sexually assaulted by an employer, who it was later discovered had previously been convicted of indecent assault and battery. The court held that the students "could reasonably expect that the school's placement office would make some effort to avoid placing [students] with an employer likely to harm them." Id. at *3.
In conclusion, we hold that appellant has stated a cause of action in negligence against Nova based on her allegations that the university assigned her, without adequate warning, to an internship site which it knew was unreasonably dangerous and presented an unreasonable risk of harm. Whether Nova breached its duty in the context of this case is a question of fact. See Jones v. Florida Power & Light Co., 552 So.2d 284, 286 (Fla. 4th DCA 1989).
Additionally, we certify the following question to the supreme court as being one of great public importance:
Whether a university may be found liable in tort where it assigns a student to an internship site which it knows to be unreasonably dangerous but gives no warning, or inadequate warning, to the student, and the student is subsequently injured while participating in the internship?
REVERSED and REMANDED for further proceedings.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] See Lillie v. Thompson, 332 U.S. 459, 460, 68 S.Ct. 140, 92 L.Ed. 73 (1947), where the Supreme Court, applying traditional negligence principles, held that an employer could be liable for a criminal attack on a female employee after he "sen[t] her to work in a place he knew to be unsafe." The employer had reason to know that "dangerous characters" frequented the area, yet he had the plaintiff work there throughout the night without taking reasonable measures to protect her. Id.
[2] See Schmidt v. Towers Constr. Co. of Panama City, 584 So.2d 630 (Fla. 1st DCA 1991).
[3] See Hill v. City of North Miami Beach, 613 So.2d 1356 (Fla. 3d DCA 1993).
[4] See Rupp v. Bryant, 417 So.2d 658 (Fla.1982).