912 So.2d 682 (2005)
Tara D. HEWITT, Appellant,
v.
AVIS RENT-A-CAR SYSTEM, INC., Appellee.
No. 1D04-4870.
District Court of Appeal of Florida, First District.
October 25, 2005.
*683 C. David Fonvielle and James E. Messer, Jr., of Fonvielle, Lewis, Foote & Messer, Tallahassee, and M. Stephen Turner and Martin A. Fitzpatrick of Broad and Cassel, Tallahassee, for Appellant.
R. Frank Myers of Law Offices of R. Frank Myers, Tallahassee, for Appellee.
ERVIN, J.
Tara Hewitt (plaintiff below) appeals from the entry of summary judgment in her personal injury action for damages brought against Avis Rent-A-Car System, Inc., the owner of a stolen automobile which, while operated by a thief during a high-speed chase, collided with the vehicle plaintiff occupied as a passenger. Because we conclude that genuine issues of material fact remain as to whether Avis owed a duty of care to secure access to its vehicle keys and protect the plaintiff against a known risk of theft, we reverse the summary judgment and remand the case for further proceedings.
The facts disclose that between November 1999 and May 2000, no fewer than 37 motor vehicles Avis owned or controlled were removed from Avis's downtown rental car lot in Tallahassee, Florida, by Avis employees and "rented" in side deals or otherwise entrusted to acquaintances of the Avis employees.[1] Moreover, by February 2001, managerial employees of the defendant were aware that vehicles had been missing from the lot under circumstances that should have placed them on notice that they had been stolen.[2] Despite the defendant's knowledge, it was alleged *684 that Avis failed to establish and/or enforce sufficient safeguards to prevent the theft, use, entrustment and/or removal of its motor vehicles from the premises.[3] The stolen vehicle at issue in the present case was last seen in Avis's possession on February 23, 2001, and Avis determined it was missing as of February 26, 2001, yet did not report it stolen until April 5, 2001.[4] Two days later it was involved in the accident with appellant, and keys belonging to Avis were found in the vehicle's ignition.
At the time of the accident, Avis's policy was to wait 30 to 45 days before reporting a car stolen, to ensure that a customer legitimately in possession of an Avis vehicle would not be stopped and charged with theft. It was only after the accident that Avis took security measures to reduce the danger of theft. It changed gate locks, parked vans in front of the gates, installed security cameras, and hired a night security guard.
In moving for summary judgment, Avis alleged that it had no relationship with the driver of the stolen vehicle involved in the accident, and, even if Avis delayed in timely reporting the car as stolen, there was no evidence showing that the accident could have been avoided if it had been reported earlier. Avis further asserted that the driver's actions constituted an independent, intervening cause of the injury, thereby relieving it of any liability for the accident. At the conclusion of the hearing on the motion for summary judgment, the court stated orally, in granting the motion: "I think, as a matter of law, based upon what has been developed, there is no liability on the part of Avis because there is no duty on the part of Avis to prevent their cars from being stolen." Moreover, the "intervening act of criminal conduct on the part of the driver of the car ... precludes any finding of liability on the part of Avis." The court thereafter entered written summary judgment for the defendant.
A final order granting a motion for summary judgment is reviewed de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). Appellant urges that the lower court erred in finding that Avis owed her no duty of care to restrict access to its vehicle keys and protect against the known risk of theft, and in finding that Avis's negligence, if it existed, was broken by the intervening act of the theft of its vehicle. In our judgment, the facts in this case are analogous to those in which an owner of a vehicle leaves the keys inside it, resulting in the car's theft and the plaintiff's injury while the thief negligently operates the stolen vehicle. In Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977), an Avis rental car left unattended in its parking lot at an airport with its keys in the ignition, its door open and the car lights flashing, was stolen, and later collided with plaintiff's vehicle. The area around the airport had the highest incidence of auto theft in the county; Avis had had vehicles stolen in the past; and statistics showed a strong correlation between automobile thefts and automobile accidents. In concluding that the complaint alleged facts sufficient to establish a cause of action, the court concluded, under the *685 circumstances, that risk of injury to another person was foreseeable. Id. at 56.
Although Vining predicated its decision in part on Florida's unattended-motor-vehicle statute, section 316.097, Florida Statutes (1975), directing all operators of vehicles in the state not to leave a vehicle unattended without removing the key, we do not read Vining as precluding a plaintiff from bringing a common-law right of action based upon a defendant's conduct which foreseeably creates a zone of risk to the plaintiff. In reaching its decision, the court cited Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175, 177 (Fla. 1976), which involved a negligence action brought by the owner of a tobacco warehouse against a burglar alarm company for damages sustained in the burglary of the warehouse when the alarm company failed to inform police of a telephone-circuit disruption signal which its employees had received. The court reasoned that if an intervening criminal act is foreseeable, the chain of causation is not broken and the original negligence may be the proximate cause of the damages suffered. Id.
The analysis of the Utah Supreme Court in Cruz v. Middlekauff Lincoln-Mercury, Inc., 909 P.2d 1252 (Utah 1996), appears to be consistent with Florida law on the questions of whether Avis owed a duty to plaintiff, and, if so, whether the breach of such duty proximately caused plaintiff's injuries. There, in addressing the issue of a car owner's liability in a key-in-ignition action, the court commented, similar to Florida courts, that a duty may exist where a defendant should reasonably anticipate that its conduct would create an unreasonably enhanced danger to one in the position of the injured plaintiff.
The facts in Cruz show that in addition to the automobile dealer leaving its automobile, which was involved in the accident, unlocked with its key in the ignition, numerous prior thefts of vehicles on the lot had occurred, and that no surveillance or security existed, even during evening hours. The court concluded: "If these unusual circumstances can be proved, a fact finder could determine that the theft was foreseeable." Id. at 1256. The court noted that the foreseeability of the theft did not by itself create a duty the automobile dealer owed to the plaintiffs, but that a duty arises only if it is foreseeable that the thief-operated car would be recklessly or negligently driven and cause injury or death to members of the public. Id. Plaintiffs had alleged it was foreseeable that a thief who took one of the defendant's cars would attempt to evade capture by fleeing a police officer at high speed, which could result in serious injury to an innocent motorist. The court observed that evidence established in other cases showed that thief-driven vehicles often collide with third persons, causing injury and death, because a thief primarily concerned with avoiding detection and arrest often disregards traffic laws, endangering pedestrians and motorists alike. The court thereupon concluded that because the theft of the car and its negligent operation may have been foreseeable, the defendant owed a duty to the plaintiffs to take adequate precautions to prevent the theft of its cars. Id. at 1256-57.
The court next turned to the question whether the theft broke the chain of causation between the defendant's alleged negligence and the plaintiff's injury. It observed that the criminal conduct of a thief would not necessarily preclude a finding of proximate cause if the intervening agency was itself a foreseeable act. As a consequence, the special circumstances alleged, if true, could have placed the defendant on notice that its cars were targeted by thieves, yet it continued its key-in-ignition policy, and other negligent practices. *686 Once the car was stolen, it may have been foreseeable that it would be operated in a manner hazardous to the public. Id. at 1257.
Because of the combination of special circumstances that exist in the case at bar, i.e., the high number of thefts at Avis's downtown facility during the short span of time preceding the accident; the general access its employees had to the vehicles' keys; the absence of any safeguards by management against theft; management's failure to take prompt action despite its awareness that its employees were involved in criminal activity; its failure to promptly report vehicle thefts to law enforcement; and the knowledge that Avis had, or should have had, of the harm that often occurs from the careless operation by thieves of stolen vehicles, we conclude the question whether the defendant's conduct created a foreseeable zone of risk, giving rise to a duty to lessen the risk by taking precautions to protect others from such risk, is one reserved for the fact finder.
We conclude, for the same reasons, that although plaintiff's injuries were the immediate result of an intervening criminal act, the fact finder must also resolve the question whether such act broke the causative chain between Avis's purported negligence and plaintiff's injuries. Appellee argues that because it was not shown how the thief came to possess the vehicle, his criminal agency must be considered a superseding, intervening cause which relieved Avis from any liability. We cannot agree. "If an intervening cause is foreseeable the original negligent actor may still be held liable." Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla.1980). Although it was not foreseeable that the particular automobile involved in the accident would be stolen and cause injury, such facts do not break the causative chain. "[A] foreseeable zone of risk means conduct that foreseeably creates a broader zone of risk that poses a general threat of harm to others, rather than the extent to which such conduct may foreseeably cause the specific injury that actually occurred." Hernandez v. Tallahassee Med. Ctr., Inc., 896 So.2d 839, 841 (Fla. 1st DCA), rev. denied, 905 So.2d 125 (Fla.2005). In other words, if the type of harm has in the past so frequently resulted from the same type of negligence, then "`in the field of human experience' the same type of result may be expected again." Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441, 443 (Fla.1961). The rule is moreover clear that foreseeability, as it relates to proximate cause, is generally left to the trier of fact, and if reasonable persons could differ as to whether the facts establish proximate cause, then the resolution of the issue must be left to the fact finder. Deese v. McKinnonville Hunting Club, Inc., 874 So.2d 1282, 1287 (Fla. 1st DCA 2004).
REVERSED and REMANDED.
WOLF and WEBSTER, JJ., concur.
NOTES
[1] A former Avis employee testified that during his employment at the Avis downtown facility, he and other employees frequently took company cars and rented them to others for their personal benefit.
[2] Jonathan Scott testified that upon becoming manager of the facility in December 2000, he soon became aware that Avis cars were missing from the lot. He discovered that employees who worked the rental counter knew the combination of the safe where the vehicle keys were kept and were using the keys to take cars from the lot or allowing others whom they knew to take them, because he noticed no sign of forced entry. Based upon his investigation, he surmised that the thefts of the vehicles were an inside job.
[3] The safe combinations were changed, but employees were provided with the new combinations.
[4] Avis only reported it missing when the sheriff's office informed it that the automobile had been involved in a robbery.