BROWNING, JR., EDWIN B„ Senior Judge.
Appellants, Richard Herndon and Belinda Herndon, as Personal Representatives of the Estate of Michelle Herndon (Plaintiffs below) appeal from an order granting Shands Teaching Hospital and Clinics, Inc.’s (Defendant below), motion to dismiss with prejudice, Appellants’ second amend *803 ed complaint for failure to allege a legal duty of Appellee to Michelle Herndon. Because we conclude that Appellants alleged sufficient facts to support a legal duty, we reverse the order dismissing Appellants’ second amended complaint with prejudice and remand the case for further proceedings.
Appellants alleged that Oliver O’Quinn, (hereinafter referred to as “O’Quinn”), a surgical nurse employed by Appellee, murdered Michelle Herndon with an injection of hazardous controlled drugs (Propofol, Midazolam and Estomidate, unavailable without a doctor’s prescription and under the supervision and control of Appellee). Appellants alleged that Appellee had a legal duty to Michelle Herndon that was breached by its negligent hiring and supervision of O’Quinn. Specifically, Appellants alleged that O’Quinn had a history of stealing controlled substances that Appel-lee knew or should have known of had it done a competent background check of O’Quinn. Moreover, after O’Quinn was hired, Appellee knew or should have known that the hazardous controlled drugs were being stolen from Appellee’s depository and were unaccounted for, because Appellee was told by its employees that O’Quinn was stealing or otherwise taking the drugs. Appellee’s only reaction was to call a conference with O’Quinn about his job performance, and he resigned, effective two weeks later. Appellee took no immediate action to dismiss O’Quinn, or make the controlled substances unavailable to him. Unfortunately, during O’Quinn’s employment by Appellee, he became infatuated with Michelle Herndon and murdered her, with the hazardous controlled drugs taken from Appellee’s control, when she told him of her engagement and approaching marriage to her fiancé. The exact circumstances of O’Quinn’s injection of such drugs in Michelle Herndon are unknown at this time because of his taking the Fifth Amendment in his criminal proceeding and the absence of discovery in this proceeding. On these alleged facts, the trial judge dismissed Appellant’s second amended complaint with prejudice for failure to allege a legal duty of Appellee to Michelle Herndon.
We disagree. As required, we must take the facts alleged in the second amended complaint as true and, reading them in the light most favorable to Appellants here, we conclude the Appellants’ complaint essentially alleges: (1) Appellee knew or should have know of the risk of unsupervised release of hazardous controlled drugs under its control requiring a doctor’s prescription for use; (2) a reasonable medical care provider like Appellee, in possession or control of the alleged drugs, would understand that the public would be exposed to an unreasonable and unnecessary risk of harm unless procedures and actions were undertaken to guard against the risk of unauthorized removal of hazardous drugs from its control without a doctor’s prescription; and (3) the death of Michelle Herndon was a foreseeable consequence of Appellee’s failure to use reasonable care in the hiring and supervision of O’Quinn. We conclude these facts and allegations are sufficient to establish a duty of care.
Our review is de novo and we are limited to the facts alleged in the second amended complaint. See Brewer v. Clerk of the Circuit Court, Gadsden County, 720 So.2d 602 (Fla. 1st DCA 1998); Shurben v. Dollar Rent-A-Car, 676 So.2d 467 (Fla. 3d DCA 1996). A common law duty is recognized, regardless of intervening criminal conduct, when a person’s actions “create ‘a foreseeable zone of risk’ posing a general threat of harm to others ... to ensure that the underlying threatening conduct is carried out reasonably.” United States v. *804 Stevens, 994 So.2d 1062, 1067 (Fla.2008); see McCain v. Fla. Power Corp., 598 So.2d 500, 503 (Fla.1992); Shurben, 676 So.2d at 467. Moreover, this Court has explained these legal parameters by pointing out that the essence of the zone of risk is not the foreseeability of the specific injury that occurred, but whether the zone of risk poses a general threat of harm to others. See Hewitt v. Avis Rent-A-Car Sys., Inc., 912 So.2d 682 (Fla. 1st DCA 2005). Finally, “foreseeability, as it relates to proximate cause, is generally left to the trier of fact, and if reasonable persons could differ as to whether the facts establish proximate cause, then the resolution of the issue must be left to the fact finder.” Id. at 686.
The drugs used to murder Michelle Herndon were dangerous drugs that require a doctor’s prescription, and Appellee was entrusted with their proper use. Ap-pellee’s failure to ensure their proper use created a “zone of risk,” as it exposed the general public to a risk that Appellee could have avoided by taking reasonable measures to prevent the drugs’ theft and removal without a doctor’s authorization. See id. However, Appellee omitted a competent background cheek of O’Quinn, which would have revealed his previous theft of controlled drugs, and failed to reassign or discharge him when his theft of the drugs was discovered and reported to it before Michelle Herndon’s death.
Furthermore, we are unpersuaded by the trial judge’s reasoning that Stevens provides any basis for entry of the dismissal with prejudice. Stevens merely applied the principles enunciated in McCain to a defendant’s negligent control of anthrax, a much more hazardous substance than the drugs involved here. However, there is nothing in Stevens or McCain that supports a finding of no duty by Appellee to Michelle Herndon, as a matter of law, for a risk created by negligent control of admittedly dangerous drugs. Stevens was a recognition of a duty under McCain and not a limitation of that duty to the supervision of hazardous drugs having the same hazardous level of anthrax (as concluded by the trial judge).
Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
VAN NORTWICK, J., concurs; PADOVANO, J., dissents with opinion.