[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15100
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2012
JOHN LEY
CLERK

D. C. Docket No. 5:09-cv-00012-LGW-JEG


GLORIA LEE, as Surviving Spouse of
Roger Earl Lee, Deceased,

                                                    Plaintiff-Appellant,


versus


THE CLOROX INTERNATIONAL COMPANY,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 11, 2012)


Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.


PER CURIAM:

Plaintiff-Appellant Gloria Lee appeals the grant of summary judgment in favor of The Clorox International Company ("Clorox") in a wrongful death action she brought as the surviving spouse of Roger Earl Lee ("Mr. Lee"). No reversible error has been shown; we affirm.

Mr. Lee was an independent contractor doing work for National Freight, Inc. Clorox hired National Freight, Inc. to transport a load of bleach from Clorox's Houston facility to its Tampa facility. National Freight, Inc. engaged Mr. Lee to accomplish the transport.

On 22 February 2008, Mr. Lee arrived at Clorox's Tampa facility just before 4:00 a.m.; his scheduled delivery time was 10:00 a.m. The security guard advised Mr. Lee that he could not enter the facility before its scheduled opening at 6:30 a.m. Mr. Lee was aware of Clorox's policy of denying middle-of-the-night admittance from a previous delivery he had made just two months earlier. The security guard advised that Mr. Lee could park under a nearby highway overpass until the facility opened. Mr. Lee told the security guard that he would prefer to park on the street outside of Clorox's property. The security guard offered no objection to Mr. Lee's choice to park on public property adjacent to Clorox's facility. At approximately 4:30 a.m., while Mr. Lee was asleep in his truck, an unknown assailant broke into the truck and fatally shot Mr. Lee.

Plaintiff filed this wrongful death action against Clorox; Plaintiff argued that under Florida law Clorox owed Mr. Lee a duty of reasonable care to prevent foreseeable harm from third-party misconduct and a duty to warn of dangerous conditions in the area immediately outside Clorox's facility. Clorox countered that Plaintiff's negligence-based claims fail as a matter of law because no duty was owed Mr. Lee by Clorox; and Clorox did not proximately cause Mr. Lee's death.

The district court opinion examined in some detail Florida negligence law on the creation of a duty and concluded that no basis existed for imposing a duty on Clorox. We agree.

Under Florida law, "[t]he general rule is that a party has no legal duty to prevent the misconduct of third persons.... Florida courts have long been loathe to impose liability based on a defendant's failure to control the conduct of a third party." K.M. ex rel. D.M. v. Publix Super Markets, Inc., 895 So.2d 1114, 1117 (Fla. Dist. Ct. App. 2005) (internal quotations and citations omitted). But a duty may be imposed where the defendant's conduct creates a foreseeable zone of risk. See McCain v. Fla. Power Corp., 593 So.2d 500, 503 (Fla. 1992) ("Where a defendant's conduct creates a *foreseeable zone of risk*, the law generally will recognize a duty placed upon the defendant either to lessen the risk or see that

sufficient precautions are taken to protect others from the harm that the risk poses.").

Plaintiff argues that in the light of the high crime rate in the neighborhood surrounding Clorox's facility and the inadequacy of the lighting in that area, Clorox's refusal to allow truckers early entry into its facility created a foreseeable zone of risk. But as the district court explained, Clorox's policy of refusing entry into its facility when that facility is closed did not create directly a foreseeable risk of harm. Clorox had no involvement in a criminal act, it did nothing to encourage or otherwise facilitate a criminal act, and no evidence suggested that the high crime rate was related to Clorox's delivery entrance policy.

We can speculate that had Clorox allowed Mr. Lee early entry into the facility his tragic death likely would have been avoided. But that does not mean Clorox's policy created or controlled the foreseeable risk. Clorox's entry policy was known to Mr. Lee when he chose nevertheless to arrive at the facility hours before it opened knowing he would not be allowed entry. Clorox had no control over Mr. Lee's rejection of the security guard's suggestion that he park at a nearby highway overpass or over his decision to park on a public street adjacent to its facility. That the public premises where Mr. Lee parked were inadequately lighted represents no breach of duty by Clorox. And Clorox had no control over

4

the criminal who took Mr. Lee's life.  In short, Clorox took no affirmative step nor failed to take a step that directly and necessarily created a risk of foreseeable harm. See Demelus v. King Motor Co. of Fort Lauderdale, 24 So.3d 759, 761 (Fla. Dist. Ct. App. 2009) ("To impose a duty, it is not enough that a risk merely exists or that a particular risk is foreseeable; rather, the defendant's conduct must *create* or *control* the risk before liability may be imposed"); Aquila v. Hilton, Inc., 878 So.2d 392, 396 (Fla. Dist. Ct. App. 2004).

Plaintiff argues that a special relationship existed between Clorox and Mr. Lee  -- that of landowner or business-invitee -- that gave rise to a duty to prevent harm caused by third persons.  Florida has adopted the Restatement (Second) of Tort § 315 (1965) which states:  "[t]here is no duty so to control the conduct of a third person as to prevent him from causing physical harm ... unless... a special relation exists between the actor and the other which gives to the other a right to protection."  See K.M. ex rel. D.M, 895 So.2d at 1117.  But again as the district court set out in detail, Mr. Lee was not an invitee of Clorox at the time of his murder; to the contrary, Mr. Lee was barred from entry onto Clorox's premises. Mr. Lee knew that his 10:00 a.m. appointment was no invitation to enter the premises or to engage in business before the facility's scheduled 6:30 a.m. opening.  Although we accept that Florida law continues to evolve on the special

5

relationships that might give rise to a duty, see Janis v. Pratt & Whitney Canada, Inc., 370 F.Supp. 2d 1226, 1230 (M.D. Fla. 2005), the absence of Clorox's authority or ability to control Mr. Lee's behavior belies the existence of a special relationship in this context. Under the facts advanced by Plaintiff, we can not say that Clorox's relationship with Mr. Lee supports imposition of a duty upon Clorox to prevent off-premises third-party harm to Mr. Lee.

Plaintiff also argues that a duty to protect arose from Clorox's actual or constructive control over the site where the tragedy occurred. Where the defendant controls "(1) the instrumentality; (2) the premises on which the tort was committed; or (3) the tortfeasor," Daly v. Denny's, Inc., 694 So.2d 775, 777 (Fla. Dist. Ct. App. 1997), Florida recognizes a duty to protect against third-party torts. But Mr. Lee's murder occurred on public property; it did not occur on premises owned or controlled by Clorox. That some lighting at Clorox's facility affected the lighting on the public street where the murder occurred, imposes no obligation on Clorox to monitor and maintain lighting on surrounding public property. We agree with the district court that neither Clorox's refusal to allow truckers early admittance nor its provision of some light over the adjacent public street translates into control over the public property in the immediate vicinity of its plant.

6

Plaintiff contends Clorox, with superior knowledge about crime rates in the area surrounding its facility, owed Mr. Lee a duty to warn about the danger to which he exposed himself. Again, however, the absence of a special relationship between Clorox and Mr. Lee is fatal to Plaintiff's claim. We are cited to no Florida case where a duty to warn was recognized but no special relationship existed to gave rise to that duty. And so Plaintiff's reliance on Shurben v. Dollar Rent-A-Car, 676 So.2d 467 (Fla. Dist. Ct. App. 1996), where a customer-rental agency relationship existed, is misplaced. See T.W. v. Regal Trace, Ltd., 908 So.2d 499, 504 (Fla. Dist. Ct. App. 2005) (if no special relationship is shown, no duty to warn arises; general rule of no liability for third-party criminal acts applies unless another exception to the general rule may be invoked).

AFFIRMED.